**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2190**

———————

LUIS JAVIER LOPEZ; CLAUDIA PATRICIA ORTEGA-AGUIRRE; DAVID
LOPEZ; SABASTIAN LOPEZ,

        Petitioners,

     v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.

———————

Submitted: October 1, 2008     Decided: November 10, 2008

———————

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Christine Lockhart Poarch, THE POARCH LAW FIRM, PC, Salem,
Virginia, for Petitioners. Gregory G. Katsas, Acting Assistant
Attorney General, Michael P. Lindemann, Assistant Director, Jeffrey
L. Menkin, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Javier Lopez ("Lopez"), his wife Claudia Patricia Ortega-Aguirre, and his children David and Sabastian Lopez, natives and citizens of Columbia, petition for review of an order of the Board of Immigration Appeals ("Board"), dismissing the appeal from the immigration judge's order denying Lopez's applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Lopez was the primary applicant and his application was denied because it was filed more than one year after Lopez entered the United States and he did not establish circumstances warranting an extension of the one year period. It was also found Lopez was not eligible for asylum relief and withholding from removal because he contributed to a terrorist organization. Furthermore, he failed to show a nexus between a protected ground and his fear of persecution. We deny the petition for review.

Insofar as Lopez challenges the finding that the asylum application was untimely, we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), even in light of the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Lopez's attempt to make his challenge a question of law is without merit.

2

Lopez also contends the immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); 8 C.F.R. § 1251(b)(3) (2008). Based on our review of the record, we find Lopez failed to make the requisite showing that there was a nexus between a protected ground and his fear of persecution.[*] We therefore uphold the denial of his request for withholding of removal.

We also find there was no error with the Board's and the immigration judge's decision to deny relief under the Convention Against Torture.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]Lopez's claim that the immigration judge erred by finding that his payments to a terrorist organization prevented him from being eligible for asylum or withholding of removal is not relevant because Lopez was not otherwise eligible for either form of relief.

3